No. 105,215

STATE OF KANSAS, *Appellee*, v. MARK D. WAGGONER, *Appellant*.

(298 P.3d 333)

Opinion filed April 12, 2013.

*Lydia Krebs*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Thomas E. Knutzen*, assistant county attorney, *Robert A. Fox*, former county attorney, *Jason W. Belveal*, county attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, J.: A jury convicted 58-year-old Mark D. Waggoner of one count of aggravated indecent liberties with a child under

the age of 14, in violation of K.S.A. 21-3504(a)(3)(A). Because this qualifies as a Jessica's Law case, the trial court sentenced Waggoner to life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years. See K.S.A. 21-4643(a)(1)(C). From the bench, the court also imposed "lifetime parole with lifetime electronic monitoring." The court's oral pronouncement differs from the sentencing journal entry, which indicates that, in addition to a hard 25 sentence, Waggoner was sentenced to lifetime postrelease supervision and lifetime electronic monitoring.

Waggoner appeals, and this court has jurisdiction under K.S.A. 2012 Supp. 22-3601(b)(1) (maximum sentence of life imprisonment imposed; sentence imposed prior to repeal of K.S.A. 21-4643 on July 1, 2011). He raises two issues attacking his conviction. First, he contends the jury was instructed on alternative means of committing aggravated indecent liberties with a child and, because the trial court did not give a unanimity instruction, he was denied his right to a unanimous verdict. Second, he takes issue with language in the burden of proof jury instruction that he contends violated his constitutional right to have a jury determine whether the State had met its burden of proving his guilt beyond a reasonable doubt. Both of these contentions have been rejected in recent decisions of this court. Consequently, we affirm Waggoner's conviction.

Additionally, Waggoner raises two sentencing issues, arguing the sentencing court erred in imposing lifetime electronic monitoring and the sentencing journal entry incorrectly reflects that the sentencing court imposed postrelease supervision rather than parole. Waggoner is correct that he is entitled to relief on both of these aspects of his sentence as that sentence is reflected in the journal entry.

## ALTERNATIVE MEANS ARE NOT STATED

Waggoner first challenges his conviction for aggravated indecent liberties with a child, claiming the jury instructions presented alternative means of committing the crime and the State failed to present sufficient evidence of each means. See *State v. Wright*, 290 Kan. 194, 206, 224 P.3d 1159 (2010); *State v. Timley*, 255 Kan. 286, 289-90, 875 P.2d 242 (1994). The crime of aggravated inde-

cent liberties is set out at K.S.A. 21-3504(a)(3)(A) and is defined in relevant part as: "Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both." In this case, the statutory requirements were incorporated into the jury instruction regarding the charge of aggravated indecent liberties. In relevant part, the instruction informed the jury that to find Waggoner guilty it must find that he "fondled or touched the person of [the victim] in a lewd manner, with the intent to arouse or to satisfy the sexual desires of either [the victim] or the defendant, or both."

Waggoner argues that this instruction requires the State to present evidence that he acted with the intent to arouse or satisfy both his sexual desires *and* the victim's sexual desires. He reasons that because the State presented no evidence that he acted with the intent to arouse or satisfy the victim's sexual desires, the State necessarily failed to present sufficient evidence of each of the alternative means upon which the trial court instructed the jury.

This court recently rejected this argument in *State v. Brown*, 295 Kan. 181, 202, 284 P.3d 977 (2012), holding that the phrase "either the child or the offender, or both" under K.S.A. 21-3504(a)(3)(A) does not state a material element of the crime but merely describes a secondary matter, the potential yet incidental objects of the offender's required intent to arouse or to satisfy sexual desires. Thus, the phrase outlines options within a means, and describes factual circumstances that may prove the distinct, material mental state element of the crime. See *State v. Britt*, 295 Kan. 1018, 1026, 287 P.3d 905 (2012) (aggravated indecent liberties case following *Brown*); *State v. Burns*, 295 Kan. 951, 287 P.3d 261 (2012) (same).

Because the phrase "either the child or the offender, or both" in K.S.A. 21-3504(a)(3)(A) does not state material elements of the crime, but merely outlines options within a means, the jury instruction reiterating these options did not include alternative means of committing the charge of aggravated indecent liberties. The jury, following the instructions given in this case, had to unanimously agree that Waggoner possessed the culpable mental state of an

intent to arouse or satisfy sexual desires. Waggoner concedes that circumstantial evidence allowed the jury to infer that he acted with the intent to satisfy his own sexual desires.

Consequently, Waggoner is not entitled to the reversal of his conviction for aggravated indecent liberties with a child based on his alternative means argument.

### REASONABLE DOUBT INSTRUCTION WAS NOT ERRONEOUS

Waggoner next contends for the first time on appeal that Instruction No. 2, the reasonable doubt instruction, was erroneous and violated his constitutional rights, which resulted in structural error.

Instruction No. 2, which was identical to the pre-2005 version of Pattern Jury Instructions (PIK) Crim. 3d 52.02, stated:

"The State [h]as the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty until you are convinced from the evidence that he is guilty.

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of *any* of the claims made by the State, you must find the defendant not guilty; if you have no reasonable doubt as to the truth of *any* of the claims made by the State, you should find the defendant guilty." (Emphasis added.)

See PIK Crim. 3d 52.02 (1995 Supp.).

At trial, Waggoner did not object to the use of this instruction, and, in fact, defense counsel specifically stated during the instruction conference: "I have no objection to any of the instructions proposed by the Court." As such, our standard of review is informed by K.S.A. 22-3414(3) and *State v. Williams*, 295 Kan. 506, 286 P.3d 195 (2012) (appellate analysis of a jury instruction issue requires [1] determination of whether the issue can be reviewed, [2] whether error occurred, and [3] whether the error requires reversal). Under K.S.A. 22-3414(3), the failure to object to an instruction does not prevent appellate review but requires a determination that the instruction is clearly erroneous before relief can be granted. Because the lack of objection does not bar our consideration of Waggoner's arguments, we turn to the question of

whether there was error, *i.e.*, whether the subject instruction was legally and factually appropriate. *Williams*, 295 Kan. 506, Syl. ¶ 4.

On appeal, in arguing the instruction was not legally appropriate, Waggoner focuses on the second paragraph and asserts that the trial court erred by using the word "any" in both portions of the instruction. Instead, Waggoner contends "each" should have been substituted for the second "any," which would make the last sentence read as follows: "[I]f you have no reasonable doubt as to the truth of *each* of the claims made by the State, you should find the defendant guilty." (Emphasis added.) It is Waggoner's contention that the instruction is not legally appropriate, because the second use of the word "any" caused the State's burden of proof to be diluted and, therefore, his constitutional rights—the requirement of proof beyond a reasonable doubt under the Fifth Amendment to the United States Constitution and the right to a jury trial under the Sixth Amendment—to be violated. In support of his argument, Waggoner relies heavily on *Miller v. State*, No. 103,915, 2012 WL 401601 (Kan. App. 2012) (unpublished opinion), *rev. granted* March 4, 2013.

As correctly observed by Waggoner, in 2005 the pattern instruction committee changed the PIK instruction used in this case from the any/any language to the any/each language Waggoner argues is constitutionally necessary. The amendment was in response to the Court of Appeals' decision in *State v. Beck*, 32 Kan. App. 2d 784, 88 P.3d 1233, *rev. denied* 278 Kan 847 (2004). See PIK Crim. 4th 51.010; see also Comment, PIK Crim. 3d 52.02 (2004 Supp.) ("The Committee has also changed the word 'any' to 'each' in the last sentence of the instruction in order to be consistent with the instructions throughout PIK Crim. 3d which state, 'To establish this charge, *each* of the following claims must be proved . . .' "). In *Beck*, however, the Court of Appeals rejected an argument that the any/any language created error; it simply found the any/each wording was preferable. *Beck*, 32 Kan. App. 2d at 787.

The holding in *Beck* was recently approved by this court in *State v. Herbel*, No. 103,558 (Kan. 2013). In *Herbel*, citing *Beck*, we rejected an identical argument to the one presented by Waggoner in this appeal, and concluded the pre-2005 any/any version of the

PIK instruction, while "not the preferred instruction . . . was legally appropriate." *Herbel*, slip op. at 29.

Because Waggoner presents no other argument regarding the legal or factual appropriateness of Instruction No. 2, we conclude the reasonable doubt instruction in this case was not erroneous.

## SENTENCING AND JOURNAL ENTRY ERRORS

At sentencing, the court imposed on Waggoner life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years under Jessica's Law (an indeterminate sentence) and also imposed lifetime parole with lifetime electronic monitoring. A "nunc pro tunc" journal entry, filed on August 10, 2010, reflects a term of lifetime postrelease supervision, rather than parole, as part of the sentence. Waggoner argues that the court erred in imposing lifetime postrelease supervision and lifetime electronic monitoring.

First, with regard to postrelease supervision, the State concedes that the amended sentencing journal entry incorrectly reflects the imposition of lifetime postrelease supervision rather than parole. This court has previously concluded that " '[a]n inmate who has received an off-grid indeterminate life sentence can leave prison only if the successor to the Kansas Parole Board grants the inmate parole. Therefore, a sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence.' " *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012) (quoting *State v. Cash*, 293 Kan. 326, Syl. ¶ 2, 263 P.3d 786 [2011]).

The court did not announce postrelease supervision from the bench during the sentencing proceeding, however. The transcript of the proceeding reflects that the court correctly indicated that Waggoner be subject to parole and specified that he was "not eligible for post release." Thus, that particular sentencing error lies with the journal entry, not the announced sentence. See *Brown*, 295 Kan. at 215; see also K.S.A. 22-3504(1); *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011) (sentence is effective when pronounced from the bench); *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007) ("A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and

must be corrected to reflect the actual sentence imposed."); *State v. Lyon*, 207 Kan. 378, 381-82, 485 P.2d 332 (1971) (allowing State's nunc pro tunc motion to correct journal entry to conform with sentence). Hence, the amended journal entry must be corrected to accurately reflect the sentence as imposed. See K.S.A. 2012 Supp. 22-3717(b)(5); *State v. Antrim*, 294 Kan. 632, 636-37, 279 P.3d 110 (2012).

Next, Waggoner correctly points out a second error with regard to his sentence—lifetime electronic monitoring. The State concedes that the sentencing court erred in imposing lifetime electronic monitoring from the bench. See *McKnight*, 292 Kan. at 779 (sentence is effective when pronounced from the bench). It is well established that although lifetime electronic monitoring is mandated by K.S.A. 2012 Supp. 22-3717(u), "the sentencing court does not have the authority to impose parole conditions." *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) (citing *State v. Jolly*, 291 Kan. 842, 848, 249 P.3d 421 [2011]); see *State v. Beaman*, 295 Kan. 853, 869, 286 P.3d 876 (2012). The court erred in imposing lifetime electronic monitoring as a condition of Waggoner's sentence.

Consequently, these two sentencing errors require correction. With regard to the parole issue, the court correctly pronounced sentence but incorrectly entered the nunc pro tunc journal entry imposing postrelease supervision. Hence, the case is remanded for the court's correction of the sentencing journal entry. See *Antrim*, 294 Kan. at 636-37. In contrast, because the court pronounced the lifetime electronic monitoring requirement from the bench, this portion of Waggoner's sentence is vacated. See *State v. Hyche*, 293 Kan. 602, 605, 265 P.3d 1172 (2011); *Jolly*, 291 Kan. at 848.

Conviction affirmed, sentence affirmed in part and vacated in part, and case remanded with directions.