NOT DESIGNATED FOR PUBLICATION

No. 115,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROY LEVERNE SEWARD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S, YOUNG, judge. Opinion filed March 10, 2017.
Affirmed in part and vacated in part.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

LEBEN, J.: Roy Leverne Seward appeals the district court's summary dismissal of his postconviction, habeas corpus claim under K.S.A. 60-1507. Seward pled and was found guilty of one count of rape and one count of aggravated criminal sodomy, both off-grid offenses. The district court sentenced Seward to life in prison with no possibility of parole for 25 years with a term of lifetime postrelease supervision. Seward appealed his sentence on Eighth Amendment grounds, and the Kansas Supreme Court reversed and remanded with instructions for the district court to conduct additional factual and legal findings on Seward's constitutional claims. The district court ruled against Seward's Eighth Amendment claims on remand, and Seward again appealed. The Kansas Supreme

1

Court generally affirmed the district court in this second appeal, but it did vacate the lifetime-postrelease-supervision portion of Seward's sentence.

After a convicted defendant has exhausted his or her direct appeals, the defendant can raise some additional challenges through a habeas corpus motion brought under K.S.A. 60-1507. Seward filed such a motion, seeking relief based on five different claims. The district court summarily dismissed Seward's motion without conducting a hearing. Seward has now appealed to our court, though he concedes that some of his claims may lack merit based on past Kansas appellate decisions, statutes, or court rules. Before we review those five claims, we will first review how the case got here.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Seward entered a plea agreement with the State in which he would plead guilty to committing one count of rape and one count of aggravated criminal sodomy, both off-grid offenses, and the State would agree to dismiss five counts in exchange for his plea. Additionally, the State agreed to permit Seward to request a downward-durational departure at sentencing and to appeal his sentence.

At the plea hearing, the district court questioned Seward about his understanding of the agreement. During the district court's questioning, Seward stated that he had had sufficient time to discuss the plea and the lesser-included offenses with his attorney, Pamela Sullivan. Additionally, Seward testified that he understood the potential sentences that could result from convictions of the two off-grid felonies as a result of his guilty plea: a maximum of life or a minimum of 25 years' imprisonment on each count. Later in the hearing, the district court accepted Seward's plea; found him guilty of committing one count of rape and one count of aggravated criminal sodomy, both off-grid offenses; and dismissed the five remaining charges.

2

Following the plea hearing, Seward filed a motion asking the court to impose a shorter sentence. At sentencing, the district court denied Seward's motion. The district court sentenced Seward to two life sentences to be served at the same time without the possibility of parole for 25 years and to lifetime postrelease supervision. Additionally, the district court sentenced Seward to lifetime electronic monitoring while on postrelease supervision for life.

Seward appealed, and the Kansas Supreme Court affirmed the district court's denial of Seward's motion for a shorter sentence but reversed and remanded to the district court with instructions for additional factual and legal findings regarding Seward's constitutional challenges to his sentences under Jessica's Law. *State v. Seward*, 289 Kan. 715, 720-21, 217 P.3d 443 (2009).

The district court conducted its remand hearing in February 2010. After making factual and legal findings as required by caselaw, the district court found Seward's two life sentences without the possibility for parole for 25 years were not disproportionate and did not constitute cruel or unusual punishment.

Seward appealed again, and the Kansas Supreme Court affirmed the district court's denial of Seward's constitutional challenges but vacated the postrelease portion of Seward's sentence, finding that he could only be eligible for parole (rather than postrelease). *State v. Seward*, 296 Kan. 979, 991-92, 297 P.3d 272 (2013).

In July 2013, the district court sentenced Seward to two concurrent hard-25 life sentences, followed by lifetime parole.

Acting without a lawyer, Seward filed his habeas motion, titled "Petitioner's Pro Se Petition for Writ of Habeas Corpus Motion Attacking Sentence," on May 2, 2014. Seward argues he is entitled to relief on five claims: three of Seward's claims allege

3

violations of his constitutional rights, one claim asserts that his attorney was ineffective during plea negotiations, and one claim alleges the district court imposed an illegal sentence. On July 24, 2014, the district court entered an order summarily dismissing Seward's petition without conducting a hearing.

Seward then appealed to our court.

ANALYSIS

Seward concedes in his brief on appeal that many of the arguments he has raised can be denied under existing Kansas caselaw, statutes, or court rules. Even so, he rightly notes that an inmate needs to present claims to the state court so as to preserve any potential habeas remedies in federal court. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). We will briefly review all of his claims to provide a record of his attempts to seek state-court review.

When the district court summarily dismisses a motion for postconviction relief, this court conducts an independent review of the motion and case file to determine whether the documents do, in fact, conclusively show that the defendant isn't entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Because Seward acted without an attorney in filing his motion, we will liberally construe his arguments, meaning that we will give effect to the motion's content rather than the labels and forms the defendant used to state the arguments. See *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

Seward claims that the district court committed three errors that resulted in violations of his constitutional rights. Seward first alleges he suffered a violation of his due process rights because the district court failed to follow the sentence-enhancement procedures in K.S.A. 21-4718. Seward alleges two additional constitutional violations

4

based on the district court's use of his age to increase his sentence without first proving it to a jury beyond a reasonable doubt.

Seward concedes that Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222) blocks his ability to raise constitutional claims in this habeas action. Rule 183(c)(3) ordinarily prohibits a movant from using a habeas motion as a substitute for a direct appeal or as a second appeal when the errors involved are normal trial errors. The rule does have an exception: Movants may raise mere trial errors affecting constitutional rights in a habeas motion provided that exceptional circumstances excuse his or her failure to appeal. Exceptional circumstances have been defined to include unusual events or intervening changes in the law, as well as claims of ineffective assistance of counsel. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

But in this case, Rule 183(c)(3) bars Seward's three constitutional claims. Seward directly appealed his sentence to the Kansas Supreme Court. Moreover, Seward does not assert an exceptional circumstance that excuses his failure to raise his three constitutional claims in his previous direct appeals. The district court did not err in its summary dismissal of these three claims.

Next, Seward argues that his trial attorney, Pamela Sullivan, was ineffective during plea negotiations. In his habeas motion, Seward essentially argues that his attorney's representation fell below an objective standard of reasonableness because she did not negotiate a plea to on-grid crimes that would have resulted in a lesser sentence. On appeal, Seward concedes that the district court correctly found that nothing in the record supports his argument that Sullivan acted ineffectively or that she could have obtained a better plea deal for him.

5

To establish his attorney as ineffective at the plea-bargaining stage, Seward has to show both that his trial attorney's performance fell below an objective standard of reasonableness and that he suffered material legal prejudice as a result, meaning there's a reasonable probability that the outcome would have been different had his attorney acted differently. See *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Mattox v. State*, 293 Kan. 723, Syl. ¶ 1, 267 P.3d 746 (2011).

We have done our own review of the case file and motion, and we find no error in the district court's summary dismissal of Seward's claim that his counsel provided substandard work in trying to get a better plea deal for him. The record contains no evidence that the State offered Seward any different plea, and Seward makes no allegation that a better plea existed. Moreover, a defendant does not have a right even to be *offered* a plea deal. *State v. Morris*, 298 Kan. 1091, 1104, 319 P.3d 539 (2014); *Chavez-Aguilar v. State*, No. 114,337, 2016 WL 7031922, at *2 (Kan. App. 2016) (unpublished opinion) (citing *Missouri v. Frye*, 566 U.S. 133, 148, 132 S. Ct. 1399, 182 L. Ed. 2d 379 [2012]), *petition for rev. filed* January 3, 2017.

Here, Seward was offered and accepted a plea bargain to plead guilty to two off-grid offenses in exchange for the dismissal of the remaining five counts. Based on the district court's comprehensive plea colloquy with Seward, the district court found Seward voluntarily and knowingly pled to the two off-grid offenses. During the plea colloquy, Seward said that Sullivan had sufficiently discussed the lesser offenses with him and that he understood the sentences attached to pleading guilty to the off-grid crimes. The district court did not err in summarily dismissing Seward's ineffective-assistance-of-counsel claim.

In his final claim, Seward asserts that the district court erred in ordering him to be subject to lifetime electronic monitoring while on parole.

6

Based on the record on appeal, the district court ordered from the bench at the original sentencing hearing that Seward be subject to lifetime electronic monitoring. The journal entry includes the district court's sentence of Seward to lifetime electronic monitoring on each count.

Since that original sentence, Seward has directly appealed to the Kansas Supreme Court twice. The first Supreme Court mandate affirmed the district court's decision in part but explicitly reversed and remanded to the district court for additional factual and legal findings concerning Seward's Eighth Amendment constitutional challenges. *Seward*, 289 Kan. at 721. The second Supreme Court mandate specifically vacated Seward's lifetime postrelease supervision. *Seward*, 296 Kan. at 991-92. The journal entry on remand makes no reference to lifetime electronic monitoring.

From our review of the record, there's potentially some uncertainty as to whether the district court's lifetime electronic monitoring sentence from the bench was also vacated following the 2013 Supreme Court mandate. That's because Kansas law provides that "'[a] criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry.'" *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) (quoting *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 [2007]). Additionally, once a district court pronounces a legal sentence from the bench, it does not have jurisdiction to modify the sentence, *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011), except with respect to an illegal sentence. See K.S.A. 22-3504(1).

As we noted previously, the Kansas Supreme Court found that Seward would be eligible for parole but not subject to separate statutory provisions covering postrelease supervision. *Seward*, 296 Kan. 979, Syl. ¶ 2. While K.S.A. 22-3717(u) describes lifetime electronic monitoring as a condition of parole, parole conditions are imposed administratively when the inmate is paroled. As a result, the Kansas Supreme Court has held that a district court lacks authority to impose parole conditions. *State v. Waggoner*,

7

297 Kan. 94, 100, 298 P.3d 333 (2013). So it was improper here for the district court to include an order for lifetime electronic monitoring in the event Seward is paroled. But the district court orally made that order from the bench at Seward's initial sentencing, and we find no later order of the district court or an appellate court vacating that portion of Seward's sentence. The 2013 Supreme Court mandate specifically vacated Seward's sentence to lifetime postrelease but made no mention of lifetime electronic monitoring. 296 Kan. at 991-92.

Consequently, the district court's pronouncement from the bench imposing lifetime electronic monitoring as a condition of Seward's parole arguably remains in effect. See *Waggoner*, 297 Kan. at 100 (vacating district court's sentence from the bench to lifetime electronic monitoring); see also *State v. Clark*, 298 Kan. 843, 851-52, 317 P.3d 776 (2014) (vacating district court's sentences to lifetime postrelease and lifetime electronic monitoring separately). To prevent any later ambiguity, we now formally vacate the lifetime-electronic-monitoring portion of Seward's sentence. See *Waggoner*, 297 Kan. at 100. We do so because even though that is a mere trial order that we ordinarily do not address in a habeas proceeding, we find that an exception to that general rule applies here: addressing it in this case serves the ends of justice by promoting judicial economy, preventing Seward from having to file any further actions. In addition, we note that the authority to correct an illegal sentence remains available. See *State v. Sewell*, No. 101,973, 2011 WL 1196893, at *4 (Kan. App. 2011) (unpublished opinion).

The district court's order that Seward be subject to lifetime electronic monitoring if paroled is vacated, and the district court's judgment is otherwise affirmed.