NOT DESIGNATED FOR PUBLICATION

No. 120,441

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAYMONE RAPHAEL LEVY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed October 4, 2019. Affirmed in part, vacated in part, and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Raymone Raphael Levy appeals the denial of his K.S.A. 60-1507 motion. He argues the district court could not sentence him under K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]) (Jessica's Law) because the district court did not instruct the jury to determine beyond a reasonable doubt whether Levy was at least 18 years old or older at the time of the offenses. For the first time on appeal, Levy argues the district court erred when it imposed lifetime postrelease supervision instead of parole, and the district court's journal entry incorrectly reflects lifetime postrelease supervision and lifetime electronic monitoring. Upon review of the record, it is clear from the evidence presented, including Levy's own testimony, he was more than 18 years old at

1

the time of the offenses. As to the issues raised for the first time on appeal, we agree with Levy the district court improperly sentenced him to lifetime postrelease supervision and lifetime electronic monitoring and we vacate those portions of Levy's sentences. We remand for the district court to correct the sentences as more fully explained below. We affirm in part, vacate in part, and remand with directions.

FACTS

In December 2007, Levy was charged with one count of rape, one count of aggravated criminal sodomy, and one count of aggravated indecent liberties with a child. The complaint alleged the offenses occurred on December 21, 2007. The victim was the seven-year-old daughter of Levy's girlfriend. See *State v. Levy*, 292 Kan. 379, 380, 253 P.3d 341 (2011). The complaint alleged all three counts were off-grid felonies because the victim was under the age of 14 and Levy was at least 18 years old or older at the time of the offenses. Levy pled not guilty and a jury trial was scheduled.

At his jury trial in August 2008, the State and Levy presented evidence of Levy's age. Kent Biggs, a detective with the Topeka Police Department, testified he interviewed Levy on the day the offenses allegedly took place. According to Biggs, Levy was 21 years old on the day he interviewed him. The district court admitted into evidence Biggs' video interview with Levy, and the jury watched portions of the interview. During the video interview, Biggs asked Levy if his date of birth was November 20, 1986, and Levy responded, "Yes." Levy testified at the time of the trial he was born "11/88" and was 20 years old.

When the district court instructed the jury, it failed to instruct the jurors to determine beyond a reasonable doubt whether Levy was at least 18 years old or older at the time offenses. The jury convicted Levy of rape, aggravated criminal sodomy, and aggravated indecent liberties with a child.

2

The district court sentenced Levy under K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]) (Jessica's Law) on each count. For count one—off-grid felony rape—the district court sentenced Levy to imprisonment for life with a mandatory minimum of 25 years and lifetime postrelease supervision. For count two—off-grid felony aggravated criminal sodomy—the district court sentenced him to imprisonment for life with a mandatory minimum of 25 years to run consecutive to count one. For count three—off-grid felony for aggravated indecent liberties with a child—Levy was sentenced to imprisonment for life with a mandatory minimum of 25 years to run concurrent with counts one and two. The Supreme Court affirmed Levy's convictions and sentences on direct appeal. *Levy*, 292 Kan. at 383-89.

In January 2012, Levy timely filed a pro se motion under K.S.A. 60-1507, alleging: (1) his trial counsel was ineffective; (2) his appellate counsel was ineffective; (3) his life sentences under Jessica's Law violated the mandates of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and (4) his life sentences under Jessica's Law constituted cruel and unusual punishment.

The district court held several hearings in 2015 on Levy's 60-1507 motion. In September 2015, before conducting the final portion of Levy's evidentiary hearing, the district court entered an order and found it had erred when it sentenced Levy because the jury had not been instructed to find he was at least 18 years old or older at the time of the offenses, but its error was harmless. The district court also found the only evidence of Levy's age presented at trial was Levy's own testimony. Several years later, in September 2018, the district court entered an order finding Levy's counsel was not deficient and his sentences under Jessica's Law did not constitute cruel and unusual punishment.

3

When a district court denies a 60-1507 motion after a full evidentiary hearing, this court reviews the factual findings for substantial competent evidence and reviews whether those factual findings sufficiently support the district court's legal conclusions. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). This court reviews the district court's legal conclusions de novo. 297 Kan. at 669.

On appeal, Levy does not brief or argue ineffective assistance of trial counsel or appellate counsel. He also does not brief or argue his sentences constitute cruel and unusual punishment even though he raised all three issues before the district court. Levy has therefore abandoned these arguments. Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Levy's only remaining argument is the district court could not sentence him under K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]) under Jessica's Law because the district court did not instruct the jury to determine beyond a reasonable doubt whether he was at least 18 years old at the time of the offenses.

This court follows a three-step process when it analyzes jury instruction issues. First, this court determines whether it can or should review the issue, including whether it lacks appellate jurisdiction or a party failed to preserve an issue for appeal. Second, this court considers the merits of the claim to determine whether error occurred below. Third, it assesses whether an error requires reversal or whether the error is harmless. *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015) (quoting *State v. Williams*, 295 Kan. 506, 510, 286 P.3d 195 [2012]).

As to the first step of our analysis, Levy preserved the jury instruction error in his timely filed 60-1507 motion. Next, we move to consider the merits of his argument. See *Pfannenstiel*, 302 Kan. at 752.

Generally, when a district court uses its discretion under the Kansas Sentencing Guidelines Act to sentence a defendant within a specified range, the defendant is not entitled to a jury determination of the facts the district court finds relevant. See *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). But under *Apprendi*, if a certain fact increases the defendant's penalty for a crime beyond the statutory maximum, that fact is an element of the crime and must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490.

Jessica's Law offenses, found in K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]), requires an enhanced sentence for certain crimes if the defendant is at least 18 years old and the victim is under the age of 14 when the defendant committed the offense. Jessica's Law offenses include off-grid felony rape under K.S.A. Supp. 21-3502(a)(2) (now K.S.A. 2018 Supp. 21-5503[a][3]); aggravated criminal sodomy under K.S.A. 21-3506(a)(1) (now K.S.A. 2018 Supp. 21-5504[b][1]); and aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(A) (now K.S.A. 2018 Supp. 21-5506[b][3][A]).

Thus, when a defendant is convicted of an offense in which Jessica's Law applies, the defendant's age is an element that must be submitted to a jury and proved beyond a reasonable doubt. See *State v. Reyna*, 290 Kan. 666, 676, 234 P.3d 761 (2010), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). It is well settled a district court errs when it fails to instruct the jury on the defendant's age when Jessica's Law applies. See, e.g., *State v. Morningstar*, 289 Kan. 488, 494-95, 213 P.3d 1045 (2009); *State v. Gonzales*, 289 Kan. 351, 369-71, 212 P.3d 215 (2009), *overruled on*

5

*other grounds by Dunn*, 304 Kan. 773; and *State v. Bello*, 289 Kan. 191, 196-200, 211 P.3d 139 (2009).

Here, the district court erred by not instructing the jury to determine beyond a reasonable doubt Levy was at least 18 years old or older at the time of the offenses. The State concedes this was error, but it claims the error was harmless.

Lastly, this court must assess whether the district court's error requires reversal or whether the error was harmless. *Pfannenstiel*, 302 Kan. at 752. Our Supreme Court has held the district court's failure to instruct the jury on the age element of a Jessica's Law offense is harmless when the record contained uncontested evidence for the jury to conclude the defendant was at least 18 years old or older when the offense occurred. *Reyna*, 290 Kan. at 681-82.

In *Reyna*, the defendant testified he was 37 years old at the time of the trial. The jury heard no other evidence of the defendant's age. Our Supreme Court found because the evidence of the defendant's age was uncontested, had the jury been properly instructed, it would have found the defendant was at least 18 years old at the time of the offense. 290 Kan. at 682.

Levy concedes he was over 18 years old at the time of the offenses. Even so, he argues his case should be distinguished from *Reyna* because the evidence of Levy's age presented at trial differed. According to Levy, the jury "may have been unable to reach a decision on his actual age" because "[t]he [S]tate offered one age, the defense another."

Contrary to Levy's argument, under *Reyna*'s harmless error analysis, it is immaterial whether the evidence of his exact age differed, as long as all the evidence showed he was at least 18 years old when the offenses occurred. See 290 Kan. at 682. Like *Reyna*, uncontested evidence showed Levy was at least 18 years old at the time of

6

the offenses, which occurred on December 21, 2007. Biggs testified Levy was 21 years old on the day of the offenses. When Biggs asked Levy in his video interview if his date of birth was November 20, 1986, Levy responded, "Yes." Levy testified at trial he was born "11/88" and was 20 years old. According to Biggs' testimony and his video interview with Levy, Levy would have been 21 years old at the time of the offenses. According to Levy's testimony, he would have been 19 years old. Had the district court properly instructed the jury, the jury would have found Levy was at least 18 years old or older at the time of the offenses.

Levy also argues the district court made an incorrect factual finding when it denied his 60-1507 motion. The district court found Levy presented the only evidence of his age at trial. Levy is right the district court's factual finding was incorrect. The State also presented evidence on Levy's age, both through Biggs' testimony and through his video interview of Levy. But the district court's finding does not affect its conclusion the omission of Levy's age as an element of the offenses was harmless error. All of the evidence admitted at the trial of Levy's age showed he was at least 18 years old or older at the time of the offenses and was properly sentenced under K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]), commonly referred to as Jessica's law.

*Electronic monitoring and postrelease supervision*

For the first time on appeal, Levy argues the district court lacked authority when it imposed lifetime postrelease supervision and lifetime electronic monitoring.

Generally, when the district court announces a criminal sentence from the bench, the district court does not have jurisdiction to later modify it. *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011) (citing *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 [2004]). But under K.S.A. 2018 Supp. 22-3504(1), courts have jurisdiction to correct an

illegal sentence at any time. This court reviews an illegal sentence under K.S.A. 2018 Supp. 22-3504(1) de novo. *State v. Harsh*, 293 Kan. 585, 588, 265 P.3d 1161 (2011).

A sentence is illegal if: (1) the district court lacked jurisdiction when it imposed the sentence, (2) the sentence fails to conform to the relevant statute by its character or punishment, or (3) the sentence is ambiguous regarding the time and manner it is to be served. K.S.A. 2018 Supp. 22-3504(3).

Here, for Levy's conviction of rape, the district court sentenced him to imprisonment for life with a mandatory minimum sentence of 25 years under Jessica's Law and imposed lifetime postrelease supervision, rather than lifetime parole, along with the sentence. The district court's journal entry also reflected lifetime postrelease supervision for all of Levy's sentences.

Levy is correct the district court erred when it imposed lifetime postrelease supervision. The State concedes this was error. An inmate sentenced for an off-grid offense under Jessica's Law is eligible for lifetime parole, not lifetime postrelease supervision. The Kansas Prisoner Review Board (the Board) can grant parole, not the district court. See K.S.A. 2018 Supp. 22-3717(u); *State v. Cash*, 293 Kan. 326, 329-30, 263 P.3d 786 (2011). Therefore, the district court erred when it announced from the bench Levy would receive lifetime postrelease supervision. We vacate this portion of Levy's sentence. See *State v. Waggoner*, 297 Kan. 94, 100, 298 P.3d 333 (2013).

Levy is also correct the district court erred when it ordered lifetime electronic monitoring for all of Levy's offenses in its journal entry. The State concedes this was error. Under K.S.A. 2018 Supp. 22-3717(u), when the Board orders the parole of an inmate sentenced for an offense under Jessica's Law, *the Board* must order lifetime electronic monitoring as a condition of parole. It is well established a district court lacks authority to impose parole conditions. See *Waggoner*, 297 Kan. at 100. Here, the district

court did not announce lifetime electronic monitoring from the bench, but its journal entry includes lifetime electronic monitoring for all of Levy's offenses. We also vacate this part of Levy's sentences and remand for the district court to correct the sentencing journal entry. See K.S.A. 2018 Supp. 22-3504(2); 297 Kan. at 100.

Affirmed in part, vacated in part, and remanded with directions.