No. 104,180

STATE OF KANSAS, *Appellee*, v. JOSHUA CASH, *Appellant*.

(263 P.3d 786)

Opinion filed October 14, 2011.

*Heather Cessna*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Robbin L. Wasson*, assistant district attorney, *Jerome Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Joshua Cash appeals the sentences he received after pleading guilty to sex crimes covered by Jessica's Law, K.S.A. 21-4643. He contends that the controlling term of imprisonment should have provided for parole eligibility after 20 years and that the district court should not have ordered lifetime postrelease supervision for his off-grid convictions. We affirm the hard-25 life sentence but vacate that portion of the sentence imposing lifetime postrelease supervision.

FACTUAL AND PROCEDURAL OVERVIEW

Cash confessed to having sexual contact with his 8-year-old stepdaughter and eventually pled guilty to three counts of aggravated indecent liberties with a child under the age of 14 years, in violation of K.S.A. 21-3504(a)(3). Pursuant to K.S.A. 21-4643(a)(1)(C), the court imposed three concurrent life sentences, with a mandatory

minimum term of imprisonment of not less than 25 years. Also, without any objection from the defense, the court included lifetime postrelease supervision in Cash's sentence. Cash timely appealed, and the matter comes directly to this court. See K.S.A. 22-3601(b)(1).

## PAROLE ELIGIBILITY

Cash first points out that his parole eligibility fits within the statutory language of two provisions: K.S.A. 2008 Supp. 22-3717(b)(2) and K.S.A. 2008 Supp. 22-3717(b)(5). Cash then argues that the rule of lenity dictates that he be sentenced to the shorter mandatory minimum.

### Standard of Review

Whether a sentence is illegal is an issue of statutory interpretation and subject to unlimited review as a question of law. *State v. Chavez*, 292 Kan. 464, 254 P.3d 539 (2011).

### Analysis

Cash acknowledges that he is raising this issue for the first time on appeal. See *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008) (issues not raised before trial court cannot be raised on appeal). However, Cash reminds us that appellate courts occasionally entertain new legal theories that have been asserted for the first time on appeal. See *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010) (enumerating exceptions to general rule of issue preservation). The State does not favor us with any argument on whether the parole eligibility issue is preserved for appellate review, so we will proceed to consider the merits.

Parole eligibility is governed by K.S.A. 2008 Supp. 22-3717, which provides in relevant part:

"(b)(1) Except as provided by K.S.A. 21-4635 through 21-4638, and amendments thereto, an inmate sentenced to imprisonment for the crime of capital murder, or an inmate sentenced for the crime of murder in the first degree based upon a finding of premeditated murder, committed on or after July 1, 1994, shall be eligible for parole after serving 25 years of confinement, without deduction of any good time credits.

(2) Except as provided by subsection (b)(1) or (b)(4), K.S.A. 1993 Supp. 21-4628 prior to its repeal and K.S.A. 21-4635 through 21-4638, and amendments

thereto, an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1993, but prior to July 1, 1999, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits *and an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1999, shall be eligible for parole after serving 20 years of confinement without deduction of any good time credits.*

(3) Except as provided by K.S.A. 1993 Supp. 21-4628 prior to its repeal, an inmate sentenced for a class A felony committed before July 1, 1993, including an inmate sentenced pursuant to K.S.A. 21-4618, and amendments thereto, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits.

(4) An inmate sentenced to imprisonment for a violation of subsection (a) of K.S.A. 21-3402, and amendments thereto, committed on or after July 1, 1996, but prior to July 1, 1999, shall be eligible for parole after serving 10 years of confinement without deduction of any good time credits.

(5) *An inmate sentenced to imprisonment pursuant to K.S.A. 21-4643, and amendments thereto, committed on or after July 1, 2006, shall be eligible for parole after serving the mandatory term of imprisonment without deduction of any good time credits.*" (Emphasis added.)

Cash was sentenced to a mandatory minimum 25-year prison term pursuant to K.S.A. 21-4643 for crimes committed in 2009. Under K.S.A. 2008 Supp. 22-3717(b)(5), Cash is parole eligible after serving the mandatory term of imprisonment, *i.e.*, 25 years. However, Cash also fits the description of an inmate eligible for parole after serving 20 years contained in K.S.A. 2008 Supp. 22-3717(b)(2), because he was sentenced to imprisonment for an off-grid offense committed on or after July 1, 1999, and he does not fit within the listed exceptions, *e.g.*, subsections (b)(1) or (b)(4). "In other words, the parole eligibility rules of subsections (b)(2) and (b)(5) overlap." *Chavez*, 292 Kan. at 468.

Cash urges us to apply the rule of lenity as we did recently in *State v. Horn*, 288 Kan. 690, 206 P.3d 526 (2009). In *Horn*, we noted that the "general application of the rule is that ' "[c]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute." ' " 288 Kan. at 693 (quoting *State v. Rupnick*, 280 Kan. 720, 735, 125 P.3d 541 [2005]).

More recently, *Chavez* addressed the exact issue that Cash presents here. We noted that the new parole eligibility provision of

subsection (b)(5) was contained in the same house bill, 2006 Supp. H.B. 2576, that established the 25-year mandatory minimum prison term in K.S.A. 21-4643. Moreover, the section of the bill establishing the new parole eligibility provision specifically referred to the bill section that established the 25-year mandatory prison term. See L. 2006, ch. 212, secs. 2, 19. Accordingly, we held that the general rule of strict construction of criminal statutes must give way to the constraint that statutory interpretation "must be reasonable and sensible to effect legislative design and intent," and that "the rule of lenity is subject to the existence of 'any reasonable doubt' as to the statute's meaning." *Chavez*, 292 Kan. at 468. Thus, we held:

"Given the specific language of subsection (b)(5) as compared to the more general language of subsection (b)(2), together with the concurrent adoption of the mandatory minimum sentences in K.S.A. 21-4643 and the parole eligibility provision in K.S.A. 22-3717(b)(5), there can be no reasonable doubt that the legislature intended for a person convicted of aggravated indecent liberties with a child to be parole eligible only after serving the mandatory minimum sentence specified in K.S.A. 21-4643." *Chavez*, 292 Kan. at 468.

Cash has not presented any argument that would persuade us to retreat from the holding in *Chavez*. We are particularly unmoved by the argument that the two subsections can be read in harmony and, therefore, the rule that a specific statute prevails over a more general statute is inapplicable. The argument is based upon the rather curious assertion that "the fact that an inmate is eligible for parole after 25 years does not mean that the inmate is not also eligible after 20 years." But, of course, that is exactly what subsection (b)(5) means. An inmate who has served 20 years has not reached a point in time that is *"after* serving the mandatory term of imprisonment" of 25 years. K.S.A. 2008 Supp. 22-3717(b)(5). In other words, an inmate who has served 20 years has not satisfied a requirement that the inmate serve at least 25 years.

Based upon our decision in *Chavez*, we affirm Cash's hard-25 life sentence.

## LIFETIME POSTRELEASE SUPERVISION

Cash complains that the district court imposed lifetime post-

release supervision, when he should be subject to parole for his indeterminate sentence. See K.S.A. 2008 Supp. 22-3717(u) (inmate sentenced pursuant to K.S.A. 21-4643 for crimes on or after July 1, 2006, shall be placed on *parole* for life). Cash did not object to the postrelease supervision in the trial court.

*Standard of Review*

Courts are permitted to correct illegal sentences at any time. K.S.A. 22-3504(1); see, *e.g., State v. Reyna*, 290 Kan. 666, 695, 234 P.3d 761 (2010). Whether a sentence is illegal is an issue of statutory interpretation and subject to unlimited review as a question of law. *Chavez*, 292 Kan. at 465.

*Analysis*

The State concedes that the district court erred and that Cash should be subject to lifetime parole rather than postrelease supervision. In *State v. Ballard*, 289 Kan. 1000, 1014, 218 P.3d 432 (2009), we explained that the terms "parole" and "postrelease" have separate meanings, stating:

"The term 'parole' generally means 'the release of a prisoner to the community by the Kansas parole board prior to the expiration of such prisoner's term.' K.S.A. 21-4602(d). Thus, 'parole' is a term of art that is limited to off-grid crimes, *i.e.,* usually those receiving indeterminate sentences. . . . By contrast, the term 'postrelease supervision' generally means 'release of a prisoner to the community after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision.' K.S.A. 21-4703(p). This term has traditionally been applied to only grid crimes."

In *Ballard*, the defendant received a departure sentence of a fixed number of months under the sentencing guidelines, and we held that "when [the defendant] completes his prison sentence, he will be placed on postrelease supervision, not parole." 289 Kan. at 1014. Conversely, Cash received the off-grid, hard-25 indeterminate life sentence, which means that if he ever leaves prison it will be because the successor to the parole board has granted him parole, not because the sentencing court ordered postrelease supervision. Therefore, the district court erred in imposing lifetime post-

release supervision, and that portion of Cash's sentence is hereby vacated.

Cash's sentence is affirmed in part and vacated in part.