NOT DESIGNATED FOR PUBLICATION

No. 112,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEO ROBERT HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; MICHAEL J. MALONE, judge. Opinion filed February 12, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*: Defendant Leo Robert Hill appeals the Douglas County District Court's denial of his motion to withdraw his pleas of no contest to two felony charges that he sexually abused his daughter. Hill contends the district court abused its discretion in denying the motion on the merits and failed to consider some latent potential conflict he might have had with the lawyer representing him. Neither argument warrants relief, so we affirm the district court.

1

Hill's daughter reported the abuse to her stepmother while they were at her school in January 2013. At the time, the girl was 11 years old. Later that day, she described for law enforcement officers a course of abuse that began years earlier and entailed repeated improper physical contact that we need not detail. Law enforcement officers then questioned Hill, and documents in the appellate record indicate he admitted repeatedly touching his daughter and having sexual intercourse with her. Hill filed and lost a motion to suppress the statements he made to the officers.

Under an agreement with the State, Hill pleaded to one count of statutory rape and one count of aggravated indecent liberties with a child. As part of the arrangement, the State dismissed five other counts and Hill agreed to accept presumptive life sentences without consideration for parole for 25 years on the charges with a joint recommendation the sentences be served concurrently. At the plea hearing in May, the district court reviewed the plea agreement with Hill, informed him of the penalties he was facing, and described the rights he would be giving up by pleading rather than going to trial. Hill acknowledged the district court's explanation of the proceedings. Hill said nothing to suggest he was unhappy with the services of his appointed lawyer. The district court accepted Hill's pleas and found him guilty of statutory rape and aggravated indecent liberties with a child.

About a month later, the district court followed the plea agreement and sentenced Hill to concurrent terms of life in prison without parole eligibility for 25 years, the statutorily prescribed punishment for the off-grid felonies of which Hill had been convicted. Hill personally addressed the district court during the sentencing to express his regret for what had happened. Again, Hill voiced no complaint about his legal representation. As part of the sentence, the district court also imposed lifetime postrelease supervision on Hill—a legal error, since those off-grid felonies require lifetime parole rather than postrelease supervision. See *State v. Cash*, 293 Kan. 326, 329-31, 263 P.3d 786 (2011). Hill appealed. This court reversed and remanded to the district court for the

2

limited purpose of correcting the imposition of lifetime postrelease supervision as part of Hill's sentence.

After the remand but before resentencing, Hill filed a motion he drafted to withdraw his pleas. The district court directed the same lawyer who previously represented Hill to handle the motion and the resentencing. The lawyer filed another motion asserting Hill should be allowed to withdraw his plea because (1) the victim had been subpoenaed to appear in court but never appeared; (2) a forensic physical examination of the victim yielded no biological evidence and, thus, did not implicate Hill; and (3) the district court lacked jurisdiction to impose a life sentence and only a jury could do so. Those grounds precisely replicate the ones Hill asserted in his own motion. The district court held a hearing on the motion and denied Hill's request. The district court then imposed a corrected and legally proper sentence on Hill. Hill has timely appealed the denial of his motion to withdraw his pleas.

A defendant's right to withdraw a plea is governed by K.S.A. 2014 Supp. 22-3210(d). A motion to withdraw a plea filed before sentencing is judged by a materially less rigorous standard than one made after sentencing. See K.S.A. 2014 Supp. 22-3210(d)(1) (good cause and within district court's discretion before sentencing); K.S.A. 2014 Supp. 22-3210(d)(2) (correct manifest injustice after sentencing). Here, the district court treated Hill's motion as one made before sentencing, although Hill had already been sentenced and he was back to correct what amounted to little more than a technical irregularity with part of the sentence. The district court, therefore, considered whether Hill had shown good cause for relief. A fair argument could be made that the more stringent manifest injustice standard should have applied. See *State v. Lowe*, No. 103,678, 2012 WL 139264, at *3 (Kan. App. 2012) (unpublished opinion). Any possible error in that respect, however, inured to Hill's benefit. Rather than resolve the issue, we give him the benefit of the more relaxed standard, as did the district court.

District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these factors—commonly known as the *Edgar* factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). All three factors need not favor the defendant to warrant relief from a plea, and the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010). The same factors guide a district court's consideration of a postsentencing motion to withdraw a plea, but the defendant must satisfy the much more demanding manifest injustice standard. See *State v. White*, 289 Kan. 279, 285, 211 P.3d 805 (2009).

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *White*, 289 Kan. at 284. A district court may be said to have abused its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate

4

necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion), *cert. denied* 132 S. Ct. 1594 (2012).

The grounds Hill advanced in the district court for withdrawing his plea don't really fit within the legal criteria for considering such a motion. Hill does not in any way suggest the lawyer representing him in the district court acted incompetently. Frequently, defendants filing motions to withdraw their pleas will also request new counsel because of their dissatisfaction with their legal representation. In some cases, the bases for withdrawing the plea necessarily implicate the adequacy of the legal representation, *e.g.*, the lawyer purportedly misled the client or browbeat the client into pleading. We don't have those circumstances here. Hill has never directly or implicitly questioned the quality of his legal presentation in the district court. Nor do the stated reasons suggest somehow that Hill was taken advantage of or misinformed by his lawyer. The district court's painstaking discussion with Hill at the plea hearing belies any such notion. Likewise, the grounds don't suggest Hill lacked the mental wherewithal to fairly and understandingly enter a plea. Hill doesn't allege he was incapacitated, and the record suggests nothing of the sort.

Hill's argument seems to depend upon the points he asserted in his motion as creating legal or procedural impediments to his having entered valid or binding pleas. But they don't. His daughter never had to testify because Hill expeditiously accepted a plea arrangement, a reasonable course in light of his highly incriminating admissions to law enforcement officers. Hill, through his lawyer, informed the district court he opted to resolve the charges quickly, in part, to spare his daughter having to testify. Essentially, Hill is complaining that he never got to exercise his right to confront the witnesses against him as provided in the Sixth Amendment to the United States Constitution. During the plea hearing, the district court specifically told Hill that he would be giving up that right by entering a plea, and Hill said he understood that consequence.

Hill says there was no DNA or other forensic evidence corroborating his daughter's allegations against him. We assume that assertion to be correct. The absence of such evidence isn't surprising given the nature of the abuse. Hill's daughter alleged a pattern of sexual misconduct—not that her father had assaulted her the day she reported the situation. She said he had last touched her 2 weeks earlier. More importantly, Hill had inculpated himself to law enforcement officers, essentially admitting the crimes of conviction. Hill told the officers he had last had sexual intercourse with his daughter a month earlier. Although Hill challenged the admissibility of his statements, he lost that challenge. As a result, the evidence against him was substantial. And the absence of biological evidence wasn't really exculpatory. Hill was not misled about the strength of the State's case.

Finally, Hill submits the district court lacked the legal authority to impose a life sentence on him. That's simply wrong. So the argument furnishes no basis for withdrawing a plea.

In short, Hill has offered nothing to suggest the district court in any way abused its discretion in denying his motion to withdraw his pleas. The district court understood the facts and the law—or if it misapplied the law, it did so by using a standard more favorable to Hill than required. In turn, Hill has advanced nothing resembling "good cause" for withdrawing his pleas. Under the circumstances, we readily conclude the district court's decision was entirely reasonable and well within the mainstream.

Alternatively, Hill contends the district court erred in failing to determine that his appointed lawyer had no conflict of interest in handling the motion to set aside the pleas. Hill seems to combine two considerations in advancing this position. First, he says the initial factor—whether the defendant was represented by competent counsel—necessarily

creates an apparent conflict. Second, he says the district court, at the very least, must make an inquiry into that potential conflict. The argument, however, overextends the law.

Hill relies primarily on *State v. Brown*, 300 Kan. 565, 575, 331 P.3d 797 (2014), in which the Kansas Supreme Court recognized that a district court has an obligation to inquire when a criminal defendant "makes an articulated statement of attorney dissatisfaction." In that circumstance, the district court has to secure sufficient detail from the defendant to assess the nature of his or her complaints and may elicit some information from the lawyer as to the perceived problem. Depending on the result of that inquiry, the district court may determine a genuine conflict exists requiring a new lawyer for the defendant or the dissatisfaction is unfounded or insufficiently substantial to require a change. For example, a defendant may be honestly dissatisfied with how often an appointed lawyer has met with him or her to discuss the case. But in and of itself that sort of complaint would not warrant replacement of counsel. In *Brown*, the defendant had filed a motion specifically asking for a new lawyer, relief that necessarily reflects a significant degree of dissatisfaction.

Here, however, Hill never stated he was dissatisfied with the lawyer representing him in the district court. As we have indicated, the grounds he asserted in his motion to withdraw his pleas did not directly or even indirectly suggest dissatisfaction. Nor did they call into question the effectiveness of his trial lawyer's representation. The district court, therefore, had no duty to inquire into some entirely hypothetical conflict.

Likewise, Hill's trial lawyer had no conflict or apparent conflict in arguing the motion, since the grounds did not implicate the adequacy of his representation. Although the first factor to be considered in allowing a defendant to withdraw a plea is the sufficiency of his or her legal representation, that factor will not invariably— or even frequently—come into play, as this case illustrates. If a motion to withdraw a plea were to call into question the trial lawyer's performance, the district court would have to take

appropriate steps that could entail further inquiry or appointment of a new lawyer depending on the particular circumstances. But that case is not this case. Hill, however, essentially presses for a rule that would treat virtually every motion to withdraw a plea as creating a conflict of interest for the defendant's current lawyer. The law does not and need not go that far. We, therefore, reject Hill's alternative argument.

Affirmed.