NOT DESIGNATED FOR PUBLICATION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,545

STATE OF KANSAS,
*Appellee*,

v.

TREVEJON M. KILLINGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS, judge. Opinion filed December 1, 2017, 2017. Vacated and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, deputy district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

NUSS, C.J.: Trevejon Killings appeals from the order of lifetime postrelease supervision imposed during resentencing for his conviction of premeditated first-degree murder, and the State concedes that the lifetime postrelease supervision sentence is improper. We agree.

In 2015, this court vacated Killings' hard 50 life sentence and remanded for resentencing. At that time, we also found that the district court erred in imposing lifetime postrelease supervision and specifically said that if Killings received an indeterminate life sentence for his premeditated first-degree murder conviction at resentencing, the district court should impose lifetime parole in conjunction with the indeterminate life sentence. *State v. Killings*, 301 Kan. 214, 246, 340 P.3d 1186 (2015).

1

Upon resentencing, the district court ordered a life sentence with parole eligibility after 25 years, i.e., the district court imposed another indeterminate life sentence. The district court also imposed lifetime postrelease supervision again.

Imposition of lifetime postrelease supervision with the indeterminate life sentence was improper. As noted in Killings' original appeal, this court previously decided this issue in Killings' favor. "'An inmate who has received an off-grid indeterminate life sentence can leave prison only if the [Kansas Prisoner Review] Board grants the inmate parole. Therefore, a sentencing court has no authority to order a term of [lifetime] postrelease supervision in conjunction with an off-grid indeterminate life sentence.'" *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012) (quoting *State v. Cash*, 293 Kan. 326, Syl. ¶ 2, 263 P.3d 786 [2011]); see *State v. Harsh*, 293 Kan. 585, 590, 265 P.3d 1161 (2011) (parole is separate and distinct from the sentence; if defendant with life sentence ever leaves prison, it will be because parole was granted).

Killings' sentence of lifetime postrelease supervision is vacated. The case is remanded with directions to impose lifetime parole in conjunction with the indeterminate life sentence.