NOT DESIGNATED FOR PUBLICATION

No. 117,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM DEWEY DOTSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Dickinson District Court; RYAN W. ROSAUER, judge. Opinion filed February 2, 2018. Affirmed in part and vacated in part.


*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.


No appearance by appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM: For a second time, William Dewey Dotson appeals his sentence from his conviction of one count of aggravated indecent liberties with a child, arguing the district court erred by denying his departure motion and by imposing lifetime postrelease supervision. For reasons we more fully explain below, while we agree that it was improper for the district court to impose lifetime postrelease supervision and vacate that part of Dotson's sentence, we affirm his sentence in all other respects.

1

FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2014, a jury found Dotson guilty of one count of aggravated indecent liberties with a child, an off-grid person felony pursuant to K.S.A. 2012 Supp. 21-5506(b)(3)(A), (c)(3). At his sentencing,

"Dotson, for an unknown reason, used the temple part of his eyeglasses to stab himself in the neck while the victim was testifying. The record reflects that Dotson passed out and medical help was summoned. He was taken to the hospital for evaluation. The district court reconvened the sentencing hearing that same day without Dotson present, denying Dotson's attorney's request for a continuance. The district court found Dotson's actions were voluntary; he voluntarily absented himself from the courtroom, and the sentencing hearing would continue in his absence. His attorney again requested a continuance to allow Dotson to testify on his own behalf in support of his motion to depart from the off-grid sentence to an on-grid sentence with probation. The district court denied her request. The district court proceeded with the hearing and sentenced Dotson in his absence to the off-grid sentence of life imprisonment with a mandatory minimum of not less than 25 years. By proceeding with the sentencing hearing in his absence, Dotson was not provided with his opportunity for allocution or personally explained his right to appeal." *State v. Dotson*, No. 112,280, 2016 WL 463737, at *1 (Kan. App. 2016) (unpublished opinion).

Dotson appealed his sentence to this court, and the panel held that the district court's decision to proceed with sentencing in Dotson's absence was an abuse of discretion, vacated his sentence, and remanded with directions for a new sentencing hearing. 2016 WL 463737, at *3-4.

At his resentencing, Dotson renewed his motion for a downward durational departure. Dotson argued that a departure was warranted based on his long-term mental health issues. Dotson struggles from the effects of post-traumatic stress disorder (PTSD) and depression derived from his military service. The district court denied Dotson's

downward durational departure motion and sentenced him to life in prison with the possibility of parole only after 25 years of incarceration and lifetime postrelease supervision upon release.

Dotson timely appeals his resentencing.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT DENIED DOTSON'S MOTION FOR A DOWNWARD DURATIONAL DEPARTURE?

Dotson first argues the district court erred in denying his motion for a downward durational departure because he suffers from PTSD. Specifically, he argues that the district court should have considered that he "was under the influence of extreme mental or emotional disturbances" at the time he committed the crime and that under K.S.A. 2012 Supp. 21-6627(d)(2)(B) such a condition is a valid factor to be considered in a motion for a departure.

The district court sentenced Dotson pursuant to K.S.A. 2012 Supp. 21-6627, commonly referred to as Jessica's Law. See *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 5, 218 P.3d 432 (2009) (discussing K.S.A. 21-4643, now K.S.A. 2016 Supp. 21-6627). We review a district court's decision whether to grant a departure sentence under Jessica's Law for an abuse of discretion. 289 Kan. at 1007-08. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). "The party asserting an abuse of discretion bears the burden of showing such an abuse of discretion." *State v. Robinson*, 293 Kan. 1002, 1028, 270 P.3d 1183 (2012).

At resentencing Dotson testified on his own behalf regarding how his PTSD contributed to his actions in this case, and the district court heard arguments regarding the

3

departure motion from both the State and Dotson's counsel. After hearing Dotson's testimony and the parties' arguments, the district judge took a recess, stating: "[T]here's some things that I would like to review in the record. I did review the motion and the attachments and everything, but in light of what I've heard today, I want to look at some things in the record and take my time doing that." After a recess, the district judge stated: "The primary and sole offense in this case is aggravated indecent liberties with a child. This is an off-grid person felony. Criminal history score is properly scored as a D. The Court finds that the circumstances surrounding the case do not warrant a granting of a departure in this case" and then proceeded to sentence Dotson.

After reviewing Dotson's brief and the record on appeal, we are unpersuaded by his arguments that no reasonable person would have denied his departure motion. Accordingly, we cannot find that the district court abused its discretion in denying Dotson's motion for a downward durational departure.

DID THE DISTRICT COURT ERR IN ORDERING LIFETIME POSTRELEASE SUPERVISION?

Second, Dotson argues that his sentence to lifetime postrelease supervision is illegal and must be corrected. Although Dotson did not raise this issue below, an illegal sentence may be corrected at any time under K.S.A. 22-3504(1). Because resolution of this issue involves a question of statutory interpretation, our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2012 Supp. 22-3717(b)(5) mandates "[a]n inmate sentenced to imprisonment pursuant to . . . K.S.A. 2012 Supp. 21-6627 . . . shall be eligible for parole after serving the mandatory term of imprisonment without deduction of any good time credits." K.S.A. 2012 Supp. 22-3717(u) further provides that "[a]n inmate sentenced to imprisonment pursuant to . . . K.S.A. 2012 Supp. 21-6627 . . . shall be placed on *parole* for life and shall not be discharged from supervision by the prisoner review board."

4

(Emphasis added.) The terms "parole" and "postrelease" are not synonymous, as the Kansas Supreme Court explained in *Ballard*, 289 Kan. at 1014:

> "The term 'parole' generally means 'the release of a prisoner to the community by the Kansas parole board prior to the expiration of such prisoner's term.' K.S.A. 2l-4602(d). Thus, 'parole' is a term of art that is limited to off-grid crimes, *i.e.*, usually those receiving indeterminate sentences. [Citation omitted.] By contrast, the term 'postrelease supervision' generally means 'release of a prisoner to the community after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision.' K.S.A. 21-4703(p). This term has traditionally been applied to only grid crimes."

In *Ballard*, the defendant received a departure sentence of a fixed number of months under the sentencing guidelines. The Kansas Supreme Court held that "when [the defendant] completes his prison sentence, he will be placed on postrelease supervision, not parole." 289 Kan. at 1014. Conversely, Dotson received the off-grid, hard 25 indeterminate life sentence, which means that if he ever leaves prison it will be because he was granted parole, not because the sentencing court ordered postrelease supervision. See *State v. Cash*, 293 Kan. 326, 330-31, 263 P.3d 786 (2011). Therefore, the district court erred in imposing lifetime postrelease supervision, and that portion of Dotson's sentence is hereby vacated.

Dotson's sentence is affirmed in part and vacated in part.