NOT DESIGNATED FOR PUBLICATION

No. 121,147

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ETHAN M. GRIFFIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed May 22, 2020. Affirmed in part and vacated in part.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER, J. and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM:  Ethan M. Griffin is serving two hard 20 life sentences with a consecutive 72-month on-grid sentence. Griffin filed a pro se habeas corpus motion in the district court, arguing multiplicity. Interpreting the motion as a K.S.A. 60-1507 motion, the district court summarily dismissed it as untimely, successive, and barred by res judicata. Griffin appeals that dismissal, arguing the district court should have interpreted his motion as a motion to correct an illegal sentence. He also raises a new illegal sentence claim— that the district court improperly imposed a 32-month postrelease supervision period. We find that Griffin's motion alleging multiplicity attacks his conviction and does

1

not present valid grounds to correct an illegal sentence. Yet we agree that Griffin is not subject to a postrelease supervision period, as he is subject to lifetime parole instead.

*Factual and Procedural Background*

In 2002, a jury convicted Griffin of two counts of felony murder, five counts of aggravated battery, and two counts of burglary. The facts of this criminal case are set out in *State v. Griffin*, 279 Kan. 634, 112 P.3d 862 (2005), and *State v. Dixon*, 279 Kan. 563, 112 P.3d 883 (2005). The district court sentenced him to two consecutive hard 20 life sentences and a consecutive 72-month sentence for his on-grid convictions. At the sentence hearing, the district court also ordered a 32-month postrelease supervision period. But the Journal Entry of Judgment listed his postrelease supervision period as 36 months.

Griffin appealed, but our Supreme Court affirmed his convictions and sentences. See *Griffin*, 279 Kan. 634. Griffin then filed two K.S.A. 60-1507 motions, which the district court denied. This court affirmed those denials on appeal. See *Griffin v. State*, No. 98,222, 2008 WL 4291516 (Kan. App. 2008) (unpublished opinion); *Griffin v. State*, No. 108,056, 2013 WL 646494 (Kan. App. 2013) (unpublished opinion).

In October 2015, Griffin filed the motion underlying this appeal—a pro se motion using a "Persons in Custody" form. Under the section that required him to "state concisely all the grounds on which you base your allegation that you are being held in custody unlawfully," Griffin wrote: "Multiplicity Sentencing." In the next section Griffin wrote:

> "The state violated K.S.A. 21-3707 [presumably K.S.A. 21-3107, currently codified as
> K.S.A. 2019 Supp. 21-5109] when they sentenced the movant to the murder and
> burglary[.] [Subsections (1) and] (2) of this statute states that sep[a]rate offenses . . . may

2

be charged in sep[a]rate counts but upon prosecution for a crime the defendant may be convicted of either the crime charged or a lesser included crime but not both. Movant was convicted of burglary and murder."

Under the section explaining why he had presented this claim before, Griffin wrote: "The grounds were misstated as Jury Instructions and misinterpreted by judge."

The district court viewed Griffin's motion as another K.S.A. 60-1507 motion. It noted that its ruling was delayed because it mistakenly thought the motion had already been decided. It found that Griffin had raised the same matters before in other K.S.A. 60-1507 motions. Thus, the district court denied Griffin's motion in 2018 as untimely, successive, and barred by res judicata.

Griffin timely appeals.

*Did the District Court Err in Failing to View Griffin's Motion as a Motion to Correct an Illegal Sentence?*

Griffin first contends that the district court should have interpreted his motion as a motion to correct an illegal sentence based on multiplicity, instead of as a K.S.A. 60-1507 motion. Had it done so, Griffin asserts, the district court should have granted his motion. Griffin claims that his sentence was illegal due to multiplicity because he was sentenced for both burglary and felony murder, yet he does not support that claim with authority or argument.

"A court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 2019 Supp. 22-3504(a). A defendant may challenge a sentence even for the first time on appeal. See *State v. Fisher*, 304 Kan. 263, 264, 373 P.3d 781 (2016). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over

3

which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

*Analysis*

We need not decide whether Griffin's motion was a K.S.A. 60-1507 motion or a motion to correct an illegal sentence. If Griffin's motion were a motion to correct an illegal sentence, it would be improper. A claim that multiple sentences arose from a single wrongful act and were multiplicitious in violation of double jeopardy does not establish that a sentence is illegal. *State v. Sims*, 294 Kan. 821, 825-26, 280 P.3d 780 (2012). Instead, a multiplicity claim attacks the conviction, not the sentence, and does not present a sentencing matter. *State v. Noyce*, 301 Kan. 408, 410, 343 P.3d 105 (2015). So even if the district court should have construed Griffin's motion as a motion to correct an illegal sentence, the district court should have denied it. And we would affirm that decision because it reached the correct result, even if it relied on the wrong rationale. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). If, on the other hand, Griffin's motion were a K.S.A. 60-1507 motion, Griffin concedes that it was untimely and successive. Griffin has presented no basis for relief.

*Did the District Court Err in Sentencing Griffin to Postrelease Supervision?*

Griffin also raises a new claim of an illegal sentence, arguing that his postrelease supervision period is incorrect. We may address this claim even though Griffin failed to raise it before the district court. See *Fisher*, 304 Kan. at 264. Both Griffin and the State agree that the district court should resentence Griffin. The State asserts that Griffin's postrelease supervision should be 24 months, and Griffin states that it should be 24 months or lifetime parole. The district court imposed a postrelease supervision period of 32 months, but the journal entry reflects 36 months.

4

"A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served." *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Griffin argues his sentence did not conform to the applicable statutory provisions. We agree.

A sentence's legality under K.S.A. 22-3504 is controlled by the law in effect when the sentence was pronounced. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). The district court sentenced Griffin to multiple sentences in June 2002.

K.S.A. 2001 Supp. 21-4720(b)(1) and (2) provided:

"(1) When the sentencing judge imposes multiple sentences consecutively, the consecutive sentences shall consist of an imprisonment term which is the sum of the consecutive imprisonment terms, and a supervision term. *The postrelease supervision term will be based on the longest supervision term imposed for any of the crimes.*

"(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. An off-grid crime shall not be used as the primary crime in determining the base sentence when imposing multiple sentences. *If sentences for off-grid and on-grid convictions are ordered to run consecutively, the offender shall not begin to serve the on-grid sentence until paroled from the off-grid sentence, and the postrelease supervision term will be based on the off-grid crime.* If more than one crime of conviction is classified in the same crime category, the sentencing judge must designate which crime will serve as the primary crime." Emphases added.)

*Postrelease supervision* in this statute means any supervision that follows the defendant's release from a prison sentence, be it parole or postrelease supervision. *State v. Ross*, 295 Kan. 1126, 289 P.3d 76 (2012). "It need not strictly refer to the mandatory term of

postrelease supervision created in K.S.A. 22-3717(d), which applies to sentences for on-grid crimes." 295 Kan. at 1134.

Off-grid sentences consist of a mandatory term of imprisonment followed by parole eligibility. K.S.A. 2001 Supp. 22-3717(b). That statute provides that "an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1999, shall be eligible for parole after serving 20 years of confinement without deduction of any good time credits." K.S.A. 2001 Supp. 22-3717(b)(2). On-grid sentences consist of a prison term followed by a mandatory period of postrelease supervision. K.S.A. 2001 Supp. 22-3717(d)(l)(F) states: "In cases where sentences for crimes from more than one severity level have been imposed, the offender shall serve the longest period of postrelease supervision as provided by this section available for any crime upon which sentence was imposed irrespective of the severity level of the crime."

In Kansas, off-grid crimes are not associated with periods of postrelease supervision but instead are followed by lifetime parole. K.S.A. 2001 Supp. 21-4720 makes clear that when a court sentences a defendant for both off-grid and on-grid crimes, as here, the court has authority only to impose the supervision period associated with the off-grid crime. In other words, a court must impose lifetime parole. The district court has no jurisdiction to enter a term of postrelease supervision for an off-grid conviction. *Ross*, 295 Kan. at 1132.

Griffin received an off-grid hard 20 life sentence for felony murder, so his prison sentence will be followed by lifetime parole. K.S.A. 2001 Supp. 22-3717(b)(2). Postrelease supervision under K.S.A. 2001 Supp. 22-3717(d) is not authorized. See *Ross*, 295 Kan. at 1134 (vacating postrelease supervision because the defendant's prison term would be followed by lifetime parole). Thus the district court erred in imposing any postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d). The period of supervision following Griffin's release from prison—after serving sentences for off-grid

and on-grid crimes—is based on the supervision imposed for his off-grid crime. See *State v. Cash*, 293 Kan. 326, 330, 263 P.3d 786 (2011).

Because the district court lacked authority to impose a postrelease period of less than lifetime parole, the total duration of Griffin's sentences does not conform to the requirements of K.S.A. 2001 Supp. 21-4720. We thus vacate the portion of Griffin's sentence that imposed postrelease supervision for his off-grid conviction. See *Ross*, 295 Kan. 1134; *Cash*, 293 Kan. at 330-31.

We affirm the district court's denial of Griffin's motion and vacate his sentence in part.