NOT DESIGNATED FOR PUBLICATION

No. 124,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA A. CASH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 15, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Garett C. Relph*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Joshua A. Cash pled guilty to three counts of aggravated indecent liberties with a child pursuant to a plea agreement. At sentencing, his counsel requested concurrent sentences based on three mitigating factors but did not move for a departure. Cash received three concurrent hard 25 life sentences, which were affirmed by the Kansas Supreme Court in 2011. Years later, in 2017, Cash filed a motion alleging ineffective assistance of trial counsel. He asserted that his trial counsel was unfamiliar with the laws related to rape and incest and failed to consult more experienced attorneys. Cash did not offer an explanation as to how manifest injustice excused his failure to raise

1

the claims within the 1-year statutory time requirement. The district court construed the motion as a K.S.A. 60-1507 motion and summarily denied it as being untimely and failing to provide an evidentiary basis for Cash's claims. Cash appeals to this court, arguing that manifest injustice excuses the motion's untimeliness and interpreting the ineffective assistance of counsel argument to suggest that his trial counsel was unaware that he could file a motion to depart. We are not persuaded that Cash's manifest injustice argument is sufficient to overcome the procedural bar for untimeliness. Thus, the district court's summary denial of Cash's K.S.A. 60-1507 motion is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2009, the State charged Joshua Andrew Cash with numerous counts of aggravated indecent liberties with a child, aggravated criminal sodomy, and rape committed between July 1, 2008, and May 28, 2009. The charges arose after E.S., the eight-year-old victim, told her grandmother that Cash had been sexually abusing her for nearly a year. Cash ultimately confessed to the alleged offenses and disclosed several more instances of assault than E.S. recounted.

Cash pled guilty to three counts of aggravated indecent liberties with a child in exchange for the State's dismissal of the remaining 13 counts and assurance it would not pursue a hard 40 life sentence. At sentencing, Cash's attorney argued for concurrent sentences because Cash had a limited criminal history, suffered abuse as a child, and not only took responsibility for the crimes but admitted to even more offenses than his victim alleged. The district court sentenced Cash to three concurrent sentences of life in prison without the possibility of parole for 25 years followed by lifetime postrelease supervision.

Cash appealed to the Kansas Supreme Court and argued the district court erred by sentencing him to life without parole for 25 years because his parole eligibility could

2

have been controlled by two different sections of K.S.A. 2008 Supp. 22-3717. According to Cash, the rule of lenity required the district court to impose a sentence of life without parole for 20 years pursuant to K.S.A. 2008 Supp. 22-3717(b)(2) rather than the 25-year mandatory sentence under K.S.A. 2008 Supp. 22-3717(b)(5). The court rejected this argument. *State v. Cash*, 293 Kan. 326, 329, 263 P.3d 786 (2011).

Cash further argued that the district court erred by sentencing him to lifetime post-release supervision because his off-grid crimes and indeterminate sentences subjected him to lifetime parole. The State agreed, and the court vacated Cash's lifetime post-release sentence. 293 Kan. at 330-31. The court's mandate was issued on November 9, 2011.

Nearly six years later, on October 16, 2017, Cash filed a pro se "Motion for Evidentiary Hearing Pursuant to State v. Van Cleave." In that exceptionally brief filing, Cash argued that his trial counsel was ineffective for failing to become "familiar with the case law surrounding [Cash's] situation." He suggested that "[t]he complex laws governing punishment of the crime(s)" he was charged with needed to be handled by attorneys with that expertise and that his attorney "failed to consult with a lawyer experienced with the laws that cover rape and incest." According to Cash, he would have received a lower sentence if "the proper laws" had been applied and requested an evidentiary hearing to determine trial counsel's effectiveness.

The district court construed the motion as one filed pursuant to K.S.A. 60-1507 because a *Van Cleave* hearing only occurs in the context of a direct appeal, and Cash's motion came years after the mandate in his direct appeal. The court summarily denied the motion upon finding that it was untimely filed and Cash failed to allege manifest injustice to extend the 1-year time limitation. The court also determined an evidentiary hearing was not warranted on the merits of Cash's claim because he provided no evidentiary basis

3

in support of his assertion that trial counsel lacked the necessary experience and neglected to consult other attorneys.

Cash now brings the matter before us to determine whether the district court erred in summarily denying his motion.

ANALYSIS

Cash does not challenge the propriety of the district court's decision to view his motion as one filed pursuant to K.S.A. 60-1507. Thus, we analyze his claims through the lens appropriate for the summary denial of such motions. See *State v. Morgan*, No. 123,272, 2021 WL 3708017, at *2 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. __ (March 28, 2022).

*Standard of Review*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) the judgment was rendered without jurisdiction (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2021 Supp. 60-1507(b); Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242).

When faced with a K.S.A. 60-1507 motion, the district court has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court

4

may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Here, the district court followed the first path and summarily denied the motion. Appellate courts review a summary denial de novo "to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief." *Dawson v. State*, 310 Kan. 26, 35-36, 444 P.3d 974 (2019). Reviewing courts owe no degree of deference to the findings of the district court. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

DID THE DISTRICT COURT ERR IN DENYING CASH'S MOTION AS UNTIMELY?

Cash argues that the district court erred in denying his motion as untimely. K.S.A. 2021 Supp. 60-1507(f)(1) provides that "[a]ny action under this section must be brought within one year of" either (A) "The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or" (B) "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The Kansas Supreme Court recently reaffirmed that subsection (f) "requires the motion to be filed within one year of the case becoming final unless the movant can show manifest injustice." *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022).

K.S.A. 2021 Supp. 60-1507(f)(2)(A) provides: "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." See also *Marks v. State*, No. 122,291, 2022 WL 333600, at *4 (Kan. App. 2022) (unpublished opinion) ("Courts may consider two factors when determining whether manifest justice exists: (1) a movant's

reasons for the failure to timely file the motion; or (2) a movant's claim of actual innocence.").

Both parties agree that Cash's 2017 motion exceeded the one-year time frame mandated by K.S.A. 60-1507(f). Cash does not make a claim of actual innocence in his motion or on appeal. Therefore, he carries the burden to explain why he failed to file the motion within the required time frame and demonstrate manifest injustice to overcome the procedural bar. See *Morgan*, 2021 WL 3708017, at *3 (explaining that when appellant concedes the motion is untimely and does not make an actual innocence claim, the appellant is required to provide evidence of why they neglected to file the motion within the one-year time limitation).

On appeal, Cash acknowledges he did not explicitly assert an additional showing of manifest injustice in his motion, but directs us to *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010), and requests that we afford the motion a liberal construction. In *Sherwood v. State*, 310 Kan. 93, 98, 444 P.3d 966 (2019), the Kansas Supreme Court, also citing *Kelly*, explained that a K.S.A. 60-1507 appellant may show manifest injustice if they "assert reasons for the delay" but fail to "use the legalese 'manifest injustice.'"

The distinction here, however, is that Cash failed to assert *any* reason for his dereliction. Rather, his motion consists of merely two paragraphs of argument, which are limited to the contention that his trial attorney did not understand the governing law and failed to reach out to more experienced attorneys to receive the necessary level of guidance. The principle of liberal construction does not require the district court or this one to "imagine reasons why the motion was not brought in a timely manner." *Morgan*, 2021 WL 3708017, at *3.

Accordingly, we find that Cash raised the issue of manifest injustice for the first time on appeal. Issues not raised before the district court cannot be raised on appeal

6

unless, pursuant to Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35), the appellant explains why an exception to the general rule is applicable. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018) (explaining that Supreme Court Rule 6.02(a)(5) is "strictly enforce[d]"); *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016); *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008) (outlining exceptions); *Neal v. State*, No. 108,590, 2014 WL 642044, at *4 (Kan. App. 2014) (unpublished opinion) ("Likewise, K.S.A. 60-1507 movants must typically present claims of manifest injustice, under K.S.A. 60-1507(f)(2), in the motion itself or at least to the district court; such claims cannot be argued for the first time on appeal."). Cash does not argue that any exceptions to this rule are applicable to his motion and therefore his manifest injustice argument is "not appropriate for appellate review." *Baker v. State*, No. 101,360, 2009 WL 3738911, at *2 (Kan. App. 2009) (unpublished opinion).

In *Brown v. State*, No. 119,112, 2019 WL 638272 (Kan. App. 2019) (unpublished opinion), a panel of this court confronted a nearly identical situation. Following a direct appeal and his first K.S.A. 60-1507 motion, Brown filed his second K.S.A. 60-1507 motion, in which he alleged that his trial attorney "never told him that he could move for a durational departure from an off-grid sentence to an on-grid sentence." 2019 WL 638272, at *1. Brown contended that, had the motion been made, two mitigating factors would have caused the trial court to grant a durational departure. The trial court appointed counsel and conducted an evidentiary hearing during which Brown testified that his trial attorney never explained a departure motion as an option. The district court dismissed the motion as, among other things, untimely, noting that Brown's motion never argued manifest injustice.

Brown appealed and argued that trial counsel's failure to mention the possibility of a departure motion and failure to pursue the same provided the requisite manifest injustice to overcome the procedural bar of K.S.A. 2017 Supp. 60-1507(f). This court concluded Brown's argument necessarily failed because he never argued manifest

7

injustice before the district court and, on review, failed to assert the applicability of any exceptions to allow for consideration of the issue for the first time on appeal. 2019 WL 638272, at*2.

Cash's manifest injustice argument is similarly unpersuasive. In an effort to bolster his contention, he asks that we review *White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). White filed an untimely K.S.A. 60-1507 motion over two years after the appellate court affirmed his sentence. He acknowledged its untimeliness but argued that manifest injustice existed because he "did not learn of the outcome of his direct appeal until about two years after the Court of Appeals' mandate." 308 Kan. at 493.

The district court appointed counsel and held an evidentiary hearing. White's appellate counsel testified they sent White a letter in January 2013 explaining this court affirmed his sentence and that counsel did not plan to petition for review unless White expressed an interest in that course of action. Additionally, the district court admitted a letter where White's appellate counsel admitted they failed to inform White of the precise date the mandate was issued by the appellate court. White testified he never received the January 2013 letter and he planned to file a K.S.A. 60-1507 motion alleging ineffective assistance of counsel when the mandate was issued. Ultimately, the district court denied the motion after filtering White's manifest injustice claim through the three factors outlined in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). See *White*, 308 Kan. at 496-503 (explaining that the Kansas Legislature abrogated *Vontress* with the 2016 amendments to K.S.A 60-1507 and that the new test for manifest injustice outlined in K.S.A. 2017 Supp. 60-1507[f][2][a] should not be applied retroactively). This court affirmed and the Kansas Supreme Court granted review.

The Supreme Court explained that, if White's allegations were true, then "he allegedly lost the ability (1) to timely file a petition for review in his direct appeal, a claim made in his 60-1507 motion, and (2) to file a timely 60-1507, the claim pursued at

8

the preliminary hearing on the 60-1507 motion." *White*, 308 Kan. at 505. The court concluded that "the impact on White's ability to access either or both legal proceedings at issue causes this to be a significant circumstance that could reveal manifest injustice if White presented credible evidence that he did not receive notice." 308 Kan. at 506. See also *State v. McDonald,* No. 119,685, 2020 WL 7413607, at *5 (Kan. App. 2020) (unpublished opinion) (describing the *White* court's concern that "due to counsel's failure to inform the client of an adverse ruling on direct appeal, the defendant incurred a complete forfeiture of their claims—including the ability to pursue petitions for review and other valuable legal rights"). The Kansas Supreme Court remanded to the district court to make a credibility determination regarding White's testimony that he did not receive the January 2013 letter from direct appeal counsel. 308 Kan. at 508-09.

Cash attempts to persuade us that his situation is analogous to *White* because, just like White relied upon counsel's duty to communicate about the mandate to his detriment, Cash relied upon both his counsel's duty to communicate and duty of competence to his detriment. This analogy, however, is tenuous. The instant case is distinguishable because in *White* the alleged manifest injustice was directly linked to appellate counsel's failure to communicate regarding a very specific triggering event. No similar circumstance is present in Cash's case.

By contrast, Cash's argument appears to be that his trial attorney did not communicate about a departure motion because the attorney did not know it was an option. Thus, Cash's argument for manifest injustice is that because of trial counsel's ineptitude, Cash was unaware he could raise the issue until now and a remand to the district court for an evidentiary hearing is appropriate to determine when he realized trial counsel provided deficient representation. As Cash writes, "[t]he crux of the issue should turn towards a credibility assessment of the parties and a determination of whether Mr. Cash delayed in filing his motion *after* he received notice that his reliance on counsel was misplaced."

9

Cash's argument fails for two reasons. First, in some measure it relies on the ineffectiveness claim raised in the motion. That is, the claim assumes that trial counsel did not understand the laws governing his sentence and failed to explain to Cash his departure options. Kansas courts are clear that the merits of an argument have no impact on a determination of manifest injustice. *Morgan*, 2021 WL 3708017, at *4 ("Second, since 2016, when the Kansas Legislature amended K.S.A. 60-1507(f), courts no longer consider the merits of a movant's claim when determining whether the movant made a showing of manifest injustice."); see *Overman v. State*, No. 123,527, 2022 WL 655844, at *5 (Kan. App. 2022) (unpublished opinion) ("Thus, the validity of Overman's claims in his motion, standing alone, could not substantiate manifest injustice for the purpose of extending the timeline to file his K.S.A. 60-1507 motion."), *petition for rev. filed* March 18, 2022.

Second, Cash's argument is that manifest injustice exists because he could not raise the claim when he lacked any awareness of the law. But ignorance of the law cannot provide the foundation for a manifest injustice claim. *Longbine v. State*, No. 122,835, 2021 WL 1826877, at *3 (Kan. App. 2021) (unpublished opinion) ("Kansas courts have consistently held a lack of knowledge or ignorance of the law does not establish manifest injustice."); see also *Baker v. State*, No. 101,360, 2009 WL 3738911, at *1 (Kan. App. 2009) (unpublished opinion) ("Moreover, we agree with the district court which found Baker's claim that he did not know about the law or the 1-year time period for filing this K.S.A. 60-1507 motion does not warrant a finding of manifest injustice.").

Accordingly, not only did Cash fail to raise manifest injustice before the district court and neglect to provide a compelling explanation for why this court should apply an exception to the general rule barring review of claims not raised below, but the manifest injustice argument Cash makes on appeal also fails. Where his dual pronged contention regarding that issue is moderately intertwined with the merits of his ineffectiveness claim and is also based on a claim of ignorance of the law it cannot be successful. Thus, the district court's summary denial of Cash's K.S.A. 60-1507 motion as untimely is affirmed.

Affirmed.